The petition stated that the petitioners were the daughters of the testator, who, having made a last will and testament, died, and that the defendants proved the will and assumed the execution thereof. That among other bequests, the will contained the following: (457)
"If my wife cease to be my widow, by marriage, it is my will that she shall have her bed, and her choice of one horse, and a fifth part of the household and kitchen furniture, but to have no further claim *Page 256 
to the use of my negroes. In this case, or at her death, it is my will that my son Joseph shall have my negro named Isaac, and my son John shall have Jack and Lyd, his wife, requiring of him some care of and attention to such of his sisters as may remain unmarried."
The petition further stated that after the death of the testator, and during the life of his widow, the slave Lyd had issue two children, Alfred and Verdy, after which the widow died; that the testator's son Joseph was dead without issue, and that John Erwin claims the negroes. The petition then insists that the negroes Alfred and Verdy were undisposed of by the will, and prays that the defendants may be compelled to make distribution among the petitioners and John Erwin, the surviving children of the testator.
The answer admits all the facts set forth in the petition, and submits to the Court whether the petitioners have title. The defendants in their answer then allege that they put the negro slaves into the possession of the widow according to the will, and she retained the possession, and they insist that by thus leaving the property with the person entitled to the life estate they have discharged their duty as executors, and are not liable to be called upon by the petitioners in the character of trustees.
John Erwin, the son, being also made a defendant, answered, claiming the negroes Alfred and Verdy (the children of Lyd born during the life estate of his mother), because he was by the will entitled to the mother Lyd after the death of the widow.
The cause coming on to be heard upon petition and answers in the court below before Nash, J., he ordered the petition to be dismissed; and the petitioners appealed to this Court.
(458)
Ever since Tims v. Potter, 1 N.C. 12, the question arising in this case has been considered at rest; and it would be attended with the most mischievious consequences again to draw it into controversy. It has now become a fixed rule of property that the increase of slaves, born during the life of the legatee for life, belong to the ulterior legatee, who is the absolute owner. The judgment must be
PER CURIAM. Affirmed.
Cited: Jacocks v. Bozeman, 21 N.C. 194; Covington v. McEntire,37 N.C. 318; Patterson v. High, 43 N.C. 55. *Page 257